(28 Misc. Rep. 246.)

### PEOPLE ex rel. MOORE v. LEAVY.

(Supreme Court, Trial Term, Albany County. March, 1899.)

MUNICIPAL OFFICERS—CITY PHYSICIANS IN ALBANY.

The city charter of Albany, tit. 4, § 21, as amended by Laws 1890, c. 64, § 2, provided that the mayor should biennially appoint six district physicians; and title 16, § 13, provided that each district physician should reside in the district for which he was appointed. The council divided the city into six districts, and limited the physicians, in the discharge of their duties, to the districts for which they were respectively appointed. *Held*, that a district physician is an independent officer, appointed for the district designated in his appointment, and that the mayor has no authority to assign him to duty in a district other than that for which he is appointed.

Quo warranto, on the relation of James M. Moore, against Mark S. Leavy, to determine the title to the office of district physician of the Fifth district of the city of Albany. Judgment for relator.

Charles Irving Oliver (Albert C. Tennant, of counsel), for plaintiff. John A. Delehanty, for defendant.

CHASE, J. The determination of this case depends upon the construction to be given to the charter of the city of Albany, so far as it

relates to the appointment of district physicians.  Section 21 of title
4 of the city charter, as amended by section 2, c. 64, of the Laws of
1890, provides as follows:

"Sec. 21. The mayor shall biennially (and within three months after the com-
mencement of his term of office) appoint by filing a certificate or certificates
of appointment with the clerk of the common council (which certificates shall
be presented by said clerk to the common council at its next meeting and
printed in its journal) one corporation counsel, six district physicians, four city
bell ringers, and such clerks and subordinates, not to exceed two, as he may
require to aid him in the discharge of his official duties.  Such bell ringers,
clerks and subordinates to hold their positions at the pleasure of the mayor."

Section 13 of title 16 of the city charter provides that:

"Each district physician shall receive a salary of four hundred dollars per
year and shall reside in the district for which he is appointed."

The sections quoted are the only sections of the city charter in
which the office of district physician is mentioned.  The common
council has enacted ordinances dividing the city into six districts,
limiting the district physicians in the discharge of their duties, re-
spectively, to the district to which they are respectively appointed,
and directing the district physicians in regard to their duties, and in
regard to their reports to the several departments.  Is each district
physician an independent officer, inseparably connected with the par-
ticular district for which he is appointed?  The mayor, as well as the
common council, the city departments, and the several incumbents
of the office of district physician, have always practically so construed
the city charter.  Their practical construction of the charter appears
by the ordinances themselves, the several instruments appointing
district physicians, the several oaths of office, the accounts of the
chamberlain, the records of the board of health, and every act and
record connected with the district physicians prior to January, 1898.
This construction of the statute, adopted and long acquiesced in by
the various officers and departments of the city of Albany, is enti-
tled to great weight.  The plain reading of section 21, tit. 4, as
amended, together with section 13 of title 16 of the charter, indicates
the correctness of the construction so given to such sections by the
officials of the city during so many years.  It is suggested by the
learned counsel for the defendant that the object of the charter is to
authorize the mayor to appoint a certain number of physicians, and
to assign them to such sections of the city, from time to time, as re-
quired by the needs of the indigent sick.  The provision of the char-
ter requiring that the several physicians must reside in the district
for which they are appointed effectually prohibits the assignment of
physicians from time to time.  A person cannot be a resident of more
than one district at the same time, and changes could not be made
as suggested, and retain a physician in each district, even if the
physicians were not appointed as independent officers, except by a
mere coincidence, by which two or more of the district physicians
were simultaneously to change their residences in such a way that
each district would nevertheless contain one of the persons so ap-
pointed.  It is also suggested by the learned counsel for defendant
that, if the district physicians were appointed as claimed by the re-

lator, it would be in the power of the common council at any time to change the boundaries of the district in such a manner as to remove from office any of the district physicians appointed by the mayor. If the district physicians were appointed as claimed by the defendant, it would be equally in the power of the common council to change the boundaries of the district at any time so as to leave a portion of the territory of the city unprovided with a district physician. The charter assumes that the city will be divided into districts, and, as the number of physicians is limited to six, the number of districts cannot exceed six, and comply with the provisions of the charter. The six districts actually exist at the present time. It is impossible to provide for the several districts, and have more than one physician reside in a district. Taking the position of the defendant, I do not see how the appointment of the district physicians could be complete until the districts for which the persons appointed were to be assigned had been determined upon. The appointment of district physicians without reference to the existing districts would lead to great confusion. The construction given to the charter by the common council, in dividing the city into districts, and providing rules and regulations for the conduct of the district physicians, and the construction given to the charter and ordinances of the common council by the mayor and other city officers, avoid trouble and confusion in regard to appointments, and carry out the apparent spirit and intention of the charter itself.

On the 7th day of February, 1896, Mayor Thacher appointed district physicians as provided by the charter and the ordinances, and such appointments were made by certificate, of which the following is a copy:

"City of Albany, Mayor's Office.

"Albany, February, 7, 1896.

"John Boyd Thacher, Mayor, to the Honorable the Common Council—Gentlemen: Pursuant to the provisions of section 21, title 4, chapter 298, of the Laws of 1883, I hereby designate and assign the following physicians in and for the districts set opposite their respective names:

"First district: Frederick D. Morril, 74 Westerlo Street.
"Second district: Mark S. Leavy, 217 Madison Ave.
"Third district: O. C. Alexander, 3 Second Avenue.
"Fourth district: Charles L. Myers, 47 North Swan St.
"Fifth district: James M. Moore, 7 Congress Street.
"Sixth district: W. P. Brierly, 228 Central Avenue.

    "Yours,             John Boyd Thacher, Mayor."

This certificate was duly filed with the clerk of the common council, and was presented to the common council at its next meeting, and printed in its journal. Mr. Moore, the relator in this action, and the person so appointed Fifth district physician, took an oath of office, and entered upon the discharge of his duties. The oath of office taken by Dr. Moore was similar to the oath of office taken by the district physicians of the city, and of which oath the following is a copy:

"State of New York, City of Albany, Mayor's Office—ss.: I do solemnly swear that I will support the constitution of the United States, and the constitution of the state of New York, and that I will faithfully discharge the duties

of the office of district physician of the Fifth district according to the best of my ability.                                        James M. Moore.

"Sworn to before me this 7th day of February, 1896.

                                  "John Boyd Thacher, Mayor."

By the city charter, as well as by the public officers law, all officers shall continue in office until their successors have been duly appointed and qualified.

On the 19th day of January, 1898, Thomas J. Van Alstyne, then mayor of the city of Albany, by certificate substantially in form as the certificate made by Mayor Thacher, which I have quoted, designated and assigned physicians to the several districts set opposite their names, included among which was "Fifth district: Judson H. Lipes." Said Lipes was given a certificate of appointment, of which the following is a copy:

"State of New York, City and County of Albany, City Clerk's Office—ss.: This is to certify that Judson H. Lipes, M. D., was duly appointed district physician for the Fifth district of the city of Albany by his honor, Thomas J. Van Alstyne, mayor, on January 19th, 1898.

                    "Henry A. Molloy,

                      "City Clerk, City of Albany, N. Y. [L. S.]

"Dated January 20th, 1898."

It thereafter appeared that Dr. Lipes was not a resident of the Fifth district, and was consequently ineligible to the position of Fifth district physician. He never took the oath of office as Fifth district physician, and does not claim to be entitled to such office. By the same certificate appointing Judson H. Lipes as Fifth district physician, the defendant in this action, Mark S. Leavy, was appointed Third district physician. The defendant took his oath of office as the Third district physician. Thereafter, and on the 2d day of February, 1898, Mayor Van Alstyne directed a letter to Dr. Leavy, the defendant in this action, Dr. Myers, who had by such certificate been appointed Fourth district physician, and Dr. Lipes, who had by such certificate been appointed Fifth district physician, of which letter the following is a copy:

                      "Albany, February 2, 1898.

"Mark S. Leavy, Charles L. Myers, Judson H. Lipes—Gentlemen: You will severally take notice that, by virtue of the authority in me vested by law, I do hereby transfer you, and each of you, as district physicians, from the respective districts heretofore designated, and do transfer and appoint you, the said Mark S. Leavy, to district No. 5, and you, the said Charles L. Myers, to district No. 3, and you, the said Judson H. Lipes, to district No. 4. You will take due notice thereof, and perform the duties of district physician in the respective district hereby assigned you.

       "Respectfully,                Thomas J. Van Alstyne, Mayor."

No other appointment of Dr. Leavy as Fifth district physician was ever made, filed with the clerk of the common council, or printed in its journal, and Dr. Leavy never took an oath of office as Fifth district physician.

As I have stated above, this question should be determined by the answer to be given to the question as to whether the district physicians mentioned in the charter are to be appointed generally by the mayor, and assigned by him from time to time to different sections of the city, or whether they are independent officers, to be appointed

by the mayor for a particular district designated in the appointment. I think such question should be answered in favor of the relator, and to the effect that the district physicians are independent officers, inseparably connected with the districts for which they are appointed; and the relator is entitled to judgment as asked for in his complaint, with costs, and a decision and judgment may be prepared accordingly.